UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL-JOHN FREDERICK MAIER,

    Plaintiff,

v.

SNOHOMISH DEPARTMENT OF CORR.,

    Defendant.

CASE NO. 2:21-cv-01514-DGE-JRC

REPORT AND RECOMMENDATION

NOTED FOR: **February 11, 2022**

    The District Court has referred plaintiff's complaint to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Plaintiff filed the complaint under 42 U.S.C. § 1983.

    After plaintiff filed his complaint, mail from the Court was returned undeliverable. Therefore, the Court ordered plaintiff to provide an updated address by January 21, 2022. To date, plaintiff has not provided an updated address. So this case should be dismissed for failure to prosecute.

REPORT AND RECOMMENDATION - 1

## BACKGROUND AND DISCUSSION

On October 31, 2021, plaintiff filed his complaint. Dkt. 1-1 at 9. On November 10, 2021, the Clerk sent plaintiff a letter with information regarding this case. Dkt. 2. On November 19, 2021, the Court issued an order to amend. Dkt. 4. On November 22, 2021, the Clerk's letter was returned with a stamp indicating that plaintiff had been "released." Dkt. 5 at 1. Likewise, on December 1, 2021, the Court's order to amend was returned with a stamp indicating that plaintiff had been "released." Dkt. 6 at 1. Therefore, on December 22, 2021, the Court entered a minute order stating that, if plaintiff did not provide the Court with his updated address by January 21, 2022, the Court would dismiss the case for failure to prosecute. Dkt. 7. To date, plaintiff has not provided an updated address or otherwise contacted the Court. So this case should be dismissed for failure to prosecute.

## *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Plaintiff should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

## CONCLUSION

In sum, it is recommended that this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, that all pending motions (*see* Dkt. 1) be DENIED AS MOOT, and that this case be CLOSED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 11, 2022** as noted in the caption.

Dated this 24th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge